[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The motion to strike the third count of the amended complaint is granted because the acts complained of occurred during an employment relationship which is not "trade or commerce" as these terms are defined in 42-110a(4) notwithstanding that the employer's business may be engaged in trade or commerce. Banerjee v. Roberts, 641 F. Sup. 1093, 1108; Keneally v. Prime Computer, Inc., 14 CLT 23, 439, June 13, 1988 (Cioffi, J.)
 II.
The motion to strike the second count as to the individual defendant, Patrick F. Carton is denied. Resolution of this ground of the motion depends upon a reading of 31-72 of the General Statutes which gives an employee a statutory cause of action for twice the full amount of wages wrongfully withheld. By the expressed terms of the statute, the term is defined in 31-71a as including "any individual., partnership, CT Page 1585 association, joint stock company, trust, corporation . . . employing any person." (emphasis added).
While the second count alleges that Carton was an officer of the employer — defendant, Corroon Black of Connecticut, Inc., it does not allege that he was an employer.
Other judges of this court have read into the statute a legislative intent based on a remedial public policy, that any individual found to have wrongfully withheld wages may be held liable whether or not he was the employer at the time. Grossman v. Cenntaur Sciences, Inc., 14 CLT 40, 760 October 10, 1988. (Cioffi, J.); Sullivan v. Progress Builders, Inc., No. 096086, Waterbury J.D., August 22, 1900 (Byrne, J.). I respectfully decline to join in this view.
Statutes should be construed to give effect when possible to legislative intent. Robinson v. Unemployment Security Board of Review,181 Conn. 1, 6 but courts cannot import into legislation an intent not expressed in some appropriate manner. In Re Juvenile Appeal, 195 Conn. 344,358. I believe that no such intent can fairly be imported into this statute. The legislature intended to create a cause of action against an employer as it has defined that term. There is no allegation that Carton employed the plaintiff.
MOTTOLESE, JUDGE